

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-43,740-02

### EX PARTE KENNETH SHED, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. DC-2023-CR-1018-A IN THE 140TH DISTRICT COURT OF LUBBOCK COUNTY

SLAUGHTER, J., filed a concurring opinion.

## <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas corpus relief in the form of an out-of-time appeal. I write separately to emphasize, yet again, the importance of counsel's duty to file a timely notice of appeal when his client expresses a desire to appeal. Here, both trial and appellate counsel failed to take adequate steps to protect Applicant's appellate rights. This type of problem underlies far too many ineffective-assistance-of-counsel cases before us and is a troubling sign that many attorneys are routinely neglecting their responsibilities in this regard, thereby resulting in

unfairness to clients and excessive corrective post-conviction litigation that wastes judicial resources.

## I.      Factual Background

On June 2, 2023, a jury convicted Applicant of three counts of aggravated sexual assault of a child,[1] three counts of sexual assault of a child,[2] and one count of indecency with a child by contact.[3] After finding that Applicant had been convicted of felonies on two prior occasions,[4] the jury sentenced Applicant to seven life sentences, which the trial court ordered to be served concurrently. No motion for new trial was filed. Thus, the deadline to file a notice of appeal was July 3, 2023—30 days after the sentences were imposed. *See* TEX. R. APP. P. 26.2(a)(1). Applicant expressed a desire to pursue an appeal, but trial counsel withdrew from the case without filing a notice of appeal.

On June 5, 2023, following trial counsel's withdrawal, the trial court appointed appellate counsel to handle Applicant's direct appeal. Appellate counsel knew that trial counsel had not filed a notice of appeal and that Applicant wanted to appeal, yet she waited to file a notice of appeal until July 5, 2023—two days after the deadline.[5]

---

[1] *See* TEX. PENAL CODE § 22.021(a)(2)(b).

[2] *See* TEX. PENAL CODE § 22.011(a)(2).

[3] *See* TEX. PENAL CODE § 21.11(a)(1).

[4] *See* TEX. PENAL CODE § 12.42 (enhancing penalties for repeat and habitual felons).

[5] Appellate counsel filed a motion for new trial concomitantly with the notice of appeal. However, because the motion for new trial was also untimely, it did not extend the deadline to file the notice of appeal. *See* TEX. R. APP. P. 21.4 (providing that motion for new trial must be filed no later than 30 days after trial court's imposition of sentence in open court); 26.2(a)(2) (providing for extension

On July 10, 2023, the Seventh Court of Appeals sent Applicant a letter notifying him that the notice of appeal was untimely. *Shed v. State*, No. 07-23-00245-CR, 2023 WL 4881932, at *1 (Tex. App.—Amarillo July 31, 2023, no pet.) (mem. op., not designated for publication). The court of appeals advised Applicant to file a motion for extension of time within the 15-day extension period permitted under Texas Rule of Appellate Procedure 26.3,[6] and it further explained that failure to file such a motion for extension would result in the appeal being dismissed. *Id.* Despite this warning, appellate counsel failed to file a motion for extension. Therefore, the court of appeals dismissed the appeal for want of jurisdiction. *Id.*

Applicant then filed the instant post-conviction habeas application asking for an out-of-time appeal. He alleges that his appellate counsel was ineffective for failing to timely file a notice of appeal and for failing to file a motion for extension of time. As a result, Applicant claims that he was deprived of his right to a direct appeal through no fault of his own.

In response to the allegations, appellate counsel submitted an affidavit in which she concedes that she improperly calculated the deadline for filing a notice of appeal and that, as a result, she filed the notice of appeal two days late. Appellate counsel's affidavit did

---

of time to file notice of appeal to 90 days after the day the sentence is imposed "if the defendant timely files a motion for new trial").

[6] *See* TEX. R. APP. P. 26.3 ("The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b).").

not explain why she failed to respond to the court of appeals' instructions to file a motion for extension of time to file the notice of appeal.

The habeas court found that appellate counsel was deficient for failing to timely file the notice of appeal. It also found that but for appellate counsel's error, Applicant would have pursued a direct appeal, and that Applicant still desires to appeal. Thus, the habeas court recommends that this Court grant Applicant relief in the form of an out-of-time appeal.

## II.    Trial and Appellate Counsel's Post-Judgment Duties

While it is regrettable that appellate counsel failed to timely file the notice of appeal based on her mistaken calculation of the applicable deadline, this situation could have been avoided altogether if *trial counsel* had simply ensured that the notice of appeal was filed at the conclusion of his representation. Indeed, as this Court has repeatedly stated, and as I have emphasized in numerous recent opinions, if the defendant expresses a desire to appeal it is principally the duty of trial counsel (not appellate counsel) to ensure that the notice of appeal is timely filed upon the conclusion of the trial proceedings. *See, e.g.*, *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (stating that "[i]f the defendant decides to appeal, the [trial] attorney *must ensure that written notice of appeal is filed with the trial court*") (emphasis added).[7] In *Jones*, we recognized that in many instances trial counsel

---

[7] *See also* American Bar Association, Criminal Justice Standards, Defense Function, Standard 4.9-1(a)–(d), "Preparing to Appeal" ("If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, *including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal*. Defense counsel should explain to the client that the client

will not be representing the defendant on appeal, and in those situations, trial counsel should present the defendant's signed *pro se* notice of appeal alongside counsel's motion to withdraw. *See id.* ("A 'contemporaneous' presentation of the pro se notice with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal.").[8] There is no valid reason to delay the filing of the notice of appeal until appellate counsel becomes the official attorney of record. Countless times we have seen miscommunication between trial and appellate counsel, or a delay in retaining or appointing appellate counsel, which then results in the defendant missing the deadline for filing his notice of appeal. Because of this risk, trial counsel should take the simple step of ensuring that the defendant's appellate rights are immediately protected by presenting the notice of appeal alongside counsel's motion to withdraw. Had trial counsel done so in this case, Applicant's right to appeal would have been protected before appellate counsel was appointed, thereby preventing the error that ultimately occurred.

Although trial counsel committed the first error here by not filing the notice of appeal, appellate counsel also carries blame here; a prudent appellate attorney should always ensure that the notice of appeal has, in fact, been timely filed. If appellate counsel

---

has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or whether a lawyer specializing in appellate work should be consulted, added or substituted.") (emphasis added).

[8] In *Jones*, we further explained that to satisfy his duties, trial counsel may either "sign the notice himself, in which case, he effectively 'volunteers' to serve as appellate counsel," or, "the defendant may file the notice pro se, which serves as an indication that trial counsel does not wish to pursue his client's appeal." *Jones*, 98 S.W.3d at 703 (citation and internal quotation marks omitted).

is unsure whether the notice has been filed, she should check with trial counsel and/or the trial court. And if, as in this case, appellate counsel knows or believes that trial counsel *did not* file a notice of appeal, and she takes on the responsibility of doing so herself, she should verify the applicable filing deadlines and comply with them. In this case, appellate counsel both missed the deadline for filing the notice of appeal, and, inexplicably, she then further failed to file a motion for extension despite being advised to do so by the court of appeals. Trial attorneys must fulfill their obligation to file a notice of appeal to avoid these types of problems from the outset, but under the circumstances here, I recognize that appellate counsel bears the ultimate responsibility for the mistake that occurred in this case.

As a final note, while appellate counsel's mistake can be "fixed" by allowing Applicant to file an out-of-time appeal, this "fix" is not without consequences. In addition to significantly delaying resolution of Applicant's direct appeal, appellate counsel's error has also now resulted in the habeas court and this Court having to expend resources to undo the effects of the error. While we are all human beings who make mistakes, based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to stay on top of their responsibilities.[9] It is my hope that both trial and appellate attorneys will implement practices to help reduce the need for such corrective post-conviction litigation in the future.

---

[9] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action.").

**III.     Conclusion**

With these comments, I join the Court's opinion granting Applicant relief.

Filed: June 26, 2024

Publish